DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from the Lucas County Court of Common Pleas where the trial court granted appellees' motion for summary judgment. Because we conclude that there are no issues of material fact in dispute and appellees are entitled to judgment as a matter of law, we affirm.
On July 2, 1998, Leonard McIntosh III, twenty-three years old, drowned in the pond of appellees, Frankie and Annie Thompson. Subsequently, appellant, Leonard McIntosh II, brought suit, alleging appellees negligently maintained the pond. Appellees moved for summary judgment on July 21, 2000. On September 21, 2000, the trial court granted appellees' motion for summary judgment. It is from this judgment that appellant appeals, setting forth the following sole assignment of error:
 "THE COURT ERRED IN GRANTING DEFENDANT'S [sic] (APPELLEE'S)[sic] MOTION FOR SUMMARY JUDGMENT WITH DISMISSAL OF ALL COUNTS OF PLAINTIFF'S COMPLAINT."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
Appellant claims that appellees were negligent for the following reasons: failing to warn guests concerning the depth of the pond; failing to have life saving gear at hand; failing to have life jackets at the pond; and failing to supervise the pond during swimming. It is undisputed that the deceased was a social guest at appellees' home.
"A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." Scheibel v.Lipton (1951), 156 Ohio St. 308, paragraph three of the syllabus. A land owner owes no duty to warn of an open and obvious danger on its property. Mullens v. Binsky (1998), 130 Ohio App.3d 64, 69.
In this case, appellant has neither alleged nor presented any evidence showing that appellees caused the deceased to drown or carried on activities which caused the death. Also, a pond is an open and obvious danger. Appellant has not presented any evidence showing that the pond contained any hidden dangerous condition. In addition, appellant has failed to present any regulation, statute or controlling case law which places an affirmative duty on appellees to have life saving gear at hand. Furthermore, this court is unaware of any authority imposing a duty on a social host to maintain constant supervision of an adult guest. SeeMullens, supra, at 71. Based on our review of the record, we conclude that there is no genuine issue as to any material fact; appellees are entitled to judgment as a matter of law; and, reasonable minds can come to but one conclusion, and that conclusion is adverse to appellant. Therefore, the trial court properly granted summary judgment.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. The court costs of this appeal are assessed to appellant.
 ____________________ James R. Sherck, J.
Peter M. Handwork, J. and Mark L. Pietrykowski, P.J. CONCUR.